**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYVAUGHN ROYCE EMBRY, | No. 09-15981 |
| Petitioner - Appellant, | D.C. No. 1:04-cv-06101-AWI-JMD |
| v. | |
| G. J. GUIRBINO; TIMOTHY E. BUSBY, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted November 16, 2011
San Francisco, California

Before: NOONAN and BEA, Circuit Judges, and WALTER, Senior District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for Western Louisiana, sitting by designation.

Rayvaughn Royce Embry appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.[1]

Because Embry's habeas petition was filed after April 24, 1996, the petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254(d)(1); *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

The state court identified the correct legal rule, namely that to determine whether a person was in custody for *Miranda* purposes, the court must examine the totality of circumstances surrounding the investigation, *Stansbury v. California*, 511 U.S. 318, 322 (1994) (citation omitted), and ask whether "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave," *Thompson v. Keohane*, 516 U.S. 99, 113 (1995) (internal quotation omitted).

The state court noted several factors militating against a finding of custody: that Embry voluntarily agreed to the interview and asked that it be held at the police station, that he was informed that he was not under arrest, and that he was given several breaks during the interview. Near the end of the interview, Embry asked whether the police were going to arrest him. There was sufficient evidence

---

[1] Because the parties are familiar with the facts of the case, we repeat them only as necessary to explain our reasoning.

from which a reasonable fair-minded jurist could determine Embry was not in custody when he made his admissions.

**AFFIRMED.**